IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHAMARCUS HUNT,

    Petitioner,

v.                                                                                                                                                                                                          No. 1:19-cv-01299-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DIRECTING UNITED STATES TO RESPOND TO AMENDED PETITION

    Petitioner, Shamarcus Hunt, filed an amended *pro se* motion to vacate, set aside, or correct his sentence (the "Amended Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 6.)[1] The Amended Petition is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 4(b).

    Pursuant to an agreement with the Government, Hunt pleaded guilty before the undersigned on March 2, 2012, to possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (*United States v. Hunt*, No. 1:10-cr-10066-JDB-1 (W.D. Tenn.), D.E. 60, 61.) At the sentencing hearing, the Court found that Hunt qualified as a career offender under § 4B.1.1 of the United States Sentencing Commission *Guidelines Manual* based on at least two prior Tennessee controlled substance offenses. (*Id.*, D.E. 90 at PageID 421–22.) He was sentenced to 168 months of incarceration and three years of supervised release. (*Id.*, D.E. 74.) Judgment was entered on June 29, 2012, (*id.*, D.E. 75), and no direct appeal was taken.

    On December 12, 2019, the inmate submitted a *pro se* motion to vacate, set aside, or correct his sentence to prison authorities for mailing. (D.E. 1 at PageID 12.) He subsequently filed a

---

[1] Unless otherwise noted, record citations are to documents filed in the instant matter.

motion to amend the pleading, (D.E. 4), which the Court granted, (D.E. 5).  The Amended Petition was filed on March 16, 2020.  (D.E. 6.)  The pleading asserts in Claim 1 that counsel provided ineffective assistance because she labored under a conflict of interest at the plea stage, failed to "preserve[]" Petitioner's "right to appeal," and erroneously advised him that he could not take a direct appeal due his appeal waiver.  (*Id.* at PageID 33, 39.)  In Claim 2, Hunt alleges that his guilty plea was not knowing and voluntary due to counsel's ineffective assistance.[2]  For relief, the inmate requests that the Court vacate his sentence and resentence him without the "Career [Offender] Enhancement" pursuant to the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (en banc), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019).  (*Id.* at PageID 41–42.)

The Court ORDERS Respondent, the United States of America, to file a response to the Amended Petition within twenty-eight days from the date of this order.  *See* Habeas Rule 5(a).

Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service.  *See* Habeas Rule 5(d).  Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

IT IS SO ORDERED this 15th day of May 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] Since the Amended Petition is somewhat confusing, the Court has liberally construed the pleading and renumbered the claims for clarity.

2